IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARC RONALD LIETHA,

|                           |                      |
|---------------------------|----------------------|
| Plaintiff,                | OPINION AND ORDER    |
| v.                        | 14-cv-442-wmc        |
| BANK OF AMERICA, N.A., *et al.*, |               |
| Defendants.               |                      |

---

*Pro se* plaintiff Marc Ronald Lietha filed this lawsuit for wrongful eviction and foreclosure against Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, L.P., its law firm, Blommer Peterman S.C., and Does 1-100.  Plaintiff Lietha also seeks a temporary restraining order and/or preliminary injunction to enjoin confirmation of a sheriff's sale of his former residence.  Defendants have responded by filing separate motions to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  For reasons set forth below, defendants' motions will be granted and this case will be dismissed.

FACTS

In August 2007, plaintiff Marc Ronald Lietha and another individual, who is not a party to this lawsuit, obtained a mortgage loan from Countrywide Home Loans, Inc. ("Countrywide"), in the amount of $320,800.00 for the purchase of a residence located at N11021 Red Pine Road, Tomahawk, Wisconsin 55487.  Countrywide assigned Lietha's mortgage to BAC Home Loans Servicing, L.P., which later merged with defendant Bank of

America, N.A. ("Bank of America").  Blommer Peterman S.C. apparently represented BAC/Bank of America's interest in the assignment.

In September 2010, Bank of America notified Lietha that the loan was in default and subject to foreclosure.  When Lietha failed to cure the default, Bank of America, through its attorneys at Blommer Peterman, initiated foreclosure proceedings against him in Lincoln County Circuit Court Case No. 11CV116.  On July 20, 2011, the state court entered a judgment of foreclosure for Bank of America, finding as follows: (1) all of the material allegations of the foreclosure complaint were proven and true; (2) the mortgage at issue was owned by Bank of America; (3) the total owed by Lietha under the terms of the Note and Mortgage was $346,112.65; (4) the property should be sold at public auction; and (5) the proceeds of the sale, after the fees and expenses of the sale, should be applied to the amounts owed by Lietha.  Lietha filed a number of unsuccessful post-judgment motions seeking relief from the foreclosure and sheriff's sale, but did not appeal the state court judgment.

In February 2014, Lietha filed a complaint against Bank of America and Blommer Peterman in Lincoln County Circuit Court Case No. 14CV31, seeking to collaterally attack the prior judgment entered in Case No. 11CV116.  The complaint alleged causes of action for: (1) "breach of covenant of good fair dealings"; (2) forgery and fraud; (3) intentional misrepresentation; (4) "quiet title"; and (5) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.  Lietha also requested injunctive relief based on the

same allegations.   After oral argument, the Lincoln County Circuit Court granted motions to dismiss in favor of Bank of America and Blommer Peterman.

The same day, July 19, 2014, Lietha filed a complaint in this court pleading nearly identical allegations to his state court complaint against Bank of America and Blommer Peterman in Lincoln County Case No. 14CV31.   In particular, Lietha alleges fraud and violations of the FDCPA, as well as the Uniform Commercial Code, and again seeks declaratory and injunctive relief from the judgment of foreclosure.   Noting that these same claims were rejected in state court, defendants understandably move to dismiss the complaint for failure to state a claim upon which relief may be granted.

OPINION

Motions to dismiss under Fed. R. Civ. P. 12(b)(6) are appropriate where the plaintiff's complaint fails to state a claim upon which relief can be granted.   Ordinarily, federal pleading rules require no more than "a short and plain statement of the claim" showing that the pleader is entitled to relief.   Fed. R. Civ. P. 8(a).   To survive a motion to dismiss under Rule 12(b)(6), a plaintiff need only allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As an initial matter, defendants note that Lietha's complaint is bereft of facts to support his claims, particularly with respect to his conclusory allegations of fraud that are subject to heightened pleading requirements.   *See* Fed. R. Civ. P. 9(b); *see also DiLeo v. Ernst*

3

& *Young*, 901 F.2d 624, 627 (7th Cir. 1990) (explaining that Rule 9(b) requires plaintiffs to plead the "who, what, when where and how: the first paragraph of any newspaper story," of the "circumstances constituting fraud").   However, defendants do not move to dismiss based on any factual deficiencies in the complaint.   Instead, defendants maintain that the complaint must be dismissed because his claims are barred by the doctrines of issue and claim preclusion, as well as the *Rooker-Feldman* doctrine.   The court agrees.

## I.      Standard of Review

To the extent that the defendants' motion to dismiss is based on affirmative defenses, the motion is construed as one for judgment on the pleadings under Fed. R. Civ. P. 12(c).   *See Carr v. Tillery*, 591 F.3d 909, 912-13 (7th Cir. 2010) (citing *Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 664 (7th Cir. 2007)).   A motion for judgment on the pleadings is determined by the same standard applied to a motion for failure to state a claim.   *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014).   As such, the court must construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all permissible inferences in his favor. *Fortres Grand Corp. v. Warner Bros. Entertainment Inc.*, 763 F.3d 696, 700 (7th Cir. 2014) (citation omitted).   Moreover, pleadings filed by a *pro se* plaintiff are otherwise entitled to a liberal construction, affording all reasonable inferences that can be drawn in favor of plaintiff.   *See Haines v. Kerner*, 404 U.S. 519, 521 (1972).

In ruling on a motion for judgment on the pleadings, a court may take judicial notice of documents that are part of the public record, including pleadings, orders and transcripts

from prior proceedings.  *Sherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013). A court should grant a Rule 12(c) motion when "it appears beyond doubt that the plaintiff cannot prove any facts to support a claim for relief."  *Forseth v. Village of Sussex,* 199 F.3d 3963, 368 (7th Cir. 2000) (quoting *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989)).

## II.    Issue and Claim Preclusion

In what has proved a popular, and sometimes successful claim, Lietha primarily alleges that the foreclosure on his former residence was improper because (1) Bank of America was not a "true holder in due course" on the mortgage or the note at issue, and (2) defendants violated the FDCPA and committed fraud in pursuing the foreclosure action. Defendants argue that these claims are precluded by the same state court judgments, Lincoln County Case Nos. 11CV116 and 14CV31, that resulted in foreclosure and the dismissal, among other claims, of Lietha's claims for violation of the FDCPA with prejudice.   Specifically, defendants argue that Lietha's claims are precluded by the related doctrines of *res judicata* and collateral estoppel.

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts are required to give a state judgment the same preclusive effect that it would receive in state court. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Gambino v. Koonce*, 757 F.3d 604, 608 (7th Cir. 2014). Thus, state law determines whether the previous judgments entered in Lincoln County

5

Case Nos. 11CV116 and 14CV31 are entitled to preclusive effect here.   *See Gambino*, 757 F.3d at 608.

In Wisconsin, the doctrine of *res judicata,* or claim preclusion, holds that "'a final judgment is conclusive in all subsequent actions between the same parties as to all matters which were litigated or which might have been litigated in the former proceedings.'" *DePratt v. West Bend Mut. Ins. Co.*, 113 Wis. 2d 306, 334 N.W.2d 883, 885 (1983) (quoting *Barbian v. Lindner Bros. Trucking Co.*, 106 Wis. 2d 291, 316 N.W.2d 371, 374 (1982)).   Consistent with this doctrine, claim preclusion applies under Wisconsin law where:   (1) there is an "identity between the parties or their privies in the prior and present suits"; (2) that the "prior litigation resulted in a final judgment on the merits by a court with jurisdiction"; and (3) there is an "identity of the causes of action in the two suits." *Sopha v. Owens-Corning Fiberglass Corp.*, 230 Wis. 2d 212, 601 N.W.2d 627, 637 (Wis. 1999).

Similarly, the doctrine of collateral estoppel, or issue preclusion, is "a doctrine designed to limit the relitigation of issues that have been contested in a previous action between the same or different parties." *Michelle T. by Sumpter v. Crozier*, 173 Wis. 2d 681, 687, 495 N.W.2d 327, 329 (1993).   In order for issue preclusion to apply, a two-step inquiry is required:   (1) whether the issue was actually litigated in the previous action and was necessary to the judgment; and (2) whether the application of issue preclusion would be fundamentally fair.   *Mrozek v. Intra Fin. Corp.*, 2005 WI 73, ¶ 17, 281 Wis. 2d 448, 463-64, 699 N.W.2d 54, 61 (2005).

Lietha does not counter any of the defendants' arguments regarding the preclusive effect of the state court judgments with regard to the claims and issues presented in this case.   Regardless, it is undisputed that the Lincoln County Circuit Court issued two final judgments in Case Nos. 11CV116 and 14CV31, determining that the underlying debt and mortgage were valid and disposing of Lietha's challenge to the foreclosure action concerning his residence, his claims of fraud, and his claim that defendants violated the FDCPA.   The parties in the present suit are also identical to, or stand in privity with, those in the prior state court suits.   Likewise, the complaint filed by Lietha in Case No. 14CV31 is substantively identical to the one filed here.   To the extent that Lietha's complaint is not completely barred by the doctrine of claim preclusion, his attempt to collaterally attack the state court's judgments is barred by the doctrine of issue preclusion given the necessary issues previously adjudicated and fairly enforced in two state lawsuits.   For this reason, the complaint must be dismissed with prejudice.

### III.   *Rooker-Feldman* Doctrine

Again, noting that Lietha's claims constitute a collateral attack on two state court judgments (Lincoln County Case Nos. 11CV116 and 14CV13), defendants also maintain that review of plaintiff's present allegations is limited by the *Rooker-Feldman* doctrine.   *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983).   The *Rooker-Feldman* doctrine precludes federal district courts from exercising jurisdiction over "cases brought by state-court losers complaining of

7

injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 284 (2005). When the *Rooker-Feldman* doctrine applies, a suit must be dismissed without prejudice under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 439 (7th Cir. 2004); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As set forth above, Lietha lost previously in state court not once but twice. He now seeks relief in the form of an order granting him title to the foreclosed residence and enjoining defendants from asserting any interest in the mortgaged property. In other words, Lietha unambiguously asks this court to set aside the state court's judgment of foreclosure on his residence. This is precisely the type of review that *Rooker-Feldman* prohibits. *See Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646-47 (7th Cir. 2011); *Taylor v. Federal Nat'l Mortg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004). Accordingly, Lietha, defendants' motions will be granted and the complaint will be dismissed.

ORDER

IT IS ORDERED that:

1.  Defendants' motions to dismiss on grounds of issue and claim preclusion (dkts. # 4, # 6) are GRANTED and this case is DISMISSED with prejudice.

2.  Alternatively, to the extent that plaintiff's claims are precluded by the *Rooker-Feldman* doctrine, defendants' motions to dismiss (dkts. # 4, # 6) are also GRANTED.

3.  To the extent that it is not moot, plaintiff's motion for a temporary restraining order and/or preliminary injunction (dkt. # 2) is DENIED.

4.  The clerk of court is directed to close this case.

Entered this 30th day of March, 2015.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

9